UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SHAWN WOODS, | Case No. CV 18-174-AG (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| THE CITY OF LOS ANGELES, ET AL., | |
| Defendant(s). | |

**I.**

**INTRODUCTION**

Plaintiff Anthony Shawn Woods ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a first amended civil rights complaint ("FAC") pursuant to 28 U.S.C. § 1983 ("Section 1983") against various defendants alleging a "longstanding policy, practice and custom" of violating the constitutional rights of homeless persons in Los Angeles. See ECF Docket No. ("Dkt.") 7 at 4.[1] For the reasons discussed below, the Court dismisses the FAC with leave to amend.

///

///

---

[1] The Court refers to the pagination of the Court's electronic docketing system.

## II.

## BACKGROUND

On December 8, 2017, Plaintiff constructively filed[2] a civil rights complaint ("Complaint"). Dkt. 1. The Complaint sued the City of Los Angeles ("City"), Los Angeles Police Department ("LAPD"), Los Angeles County Probation Department ("Probation") (collectively, the "Entity Defendants"), and Los Angeles County Probation Officer [FNU] Riley ("Riley") in his individual and official capacities (collectively, "Defendants"). Id. at 3-4. The Complaint alleged Defendants had a "longstanding policy, practice, [and] custom" of violating "due process" and "Federal Injunctions" with respect to homeless individuals. Id.

On January 11, 2018, Plaintiff constructively filed the FAC against Defendants. Dkt. 7, FAC at 1, 3-4. The FAC alleges Defendants have a "longstanding policy, practice and custom" of "due process violations and misconduct involving the homeless" in violation of the Fourth and Fourteenth Amendments. Id. at 3-6.

According to the FAC, in early April 2016, the LAPD handcuffed Plaintiff and others who reside in Skid Row in Los Angeles for sitting on the sidewalk and checked their statuses for probation, parole, and outstanding warrants. Id. at 5. Plaintiff claims LAPD officer Clark and his partner then issued tickets for "laying, sleeping or sitting on the sidewalk" in violation of municipal code 41.18(d). Id. The FAC alleges officer Clark said Plaintiff was "on the Lt. Mathis shitlist" and because Plaintiff was "still on probation," he should "watch [his] ass." Id.

---

[2] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). At the time Plaintiff filed the Complaint and FAC, he was an inmate at Men's Central Jail. See Dkts. 1, 7. On January 31, 2018, Plaintiff filed a notice of change of address, Dkt. 8, and on February 8, 2018, Plaintiff filed a "Request to Proceed Without Prepayment of Filing Fee," in which he stated he had been released on January 26, 2018, Dkt. 9.

1 | In late May 2016, Plaintiff alleges Lt. Mathis and Sgt. Padilla stopped
2 | Plaintiff, and Lt. Mathis asked Plaintiff if he "liked [his] freedom" before
3 | handcuffing Plaintiff. Id. Plaintiff claims Lt. Mathis then said he would "talk to his
4 | people at probation and have [Plaintiff] violated," after which "probation and
5 | parole w[ould] just rubber stamp [Lt. Mathis's] request." Id. at 5-6. The FAC
6 | alleges Lt. Mathis said his "higher ups" gave an "order" to clean up Skid Row,
7 | and Lt. Mathis added he would "use every viable tool" so that the homeless,
8 | probationers, and parolees would "get tired of tickets and going to jail" and leave
9 | Skid Row. Id.

On June 2, 2016, Plaintiff alleges his probation officer, defendant Riley, handed Plaintiff a notice of his pending discharge of June 4, 2016. Id. at 6. Plaintiff further alleges defendant Riley told Plaintiff, "You are no longer to report to probation." Id. Approximately four months later on or about October 1, 2016, Plaintiff claims he was "arrested for failure to report" even though he did not receive "notice from probation telling or informing [Plaintiff] that [his probation] was extended or [he] was to start reporting again." Id. "As a result of this arrest, [Plaintiff] lost all [his] property [when] LAPD and [the Los Angeles Sanitation Bureau] LASB destroyed [his] property without a hearing or notice." Id.

Plaintiff seeks compensatory and punitive damages. Id. at 7. Plaintiff also seeks an order requiring the City and LAPD to refrain from issuing tickets for violations of municipal code 41.18(d) to "the homeless or persons that appear homeless." Id.

### III.
### **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the FAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

3

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90

4

(9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

**A. PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE ENTITY DEFENDANTS OR DEFENDANT RILEY IN HIS OFFICIAL CAPACITY**

**1. Applicable Law**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a local government officer in his or her official capacity, the plaintiff must demonstrate that a "policy or

5

custom" of the governmental entity of which the official is an agent was the "moving force" behind the constitutional violation. Graham, 473 U.S. at 166. Because no respondeat superior liability exists under Section 1983, a local government entity is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989) ("A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'").

A plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

**2. Analysis**

Here, Plaintiff fails to state a Section 1983 claim against the Entity Defendants and defendant Riley in his official capacity because Plaintiff does not allege any facts showing the Entity Defendants' "policy or custom" was the "moving force" behind any constitutional violation. Graham, 473 U.S. at 166; see also Harris, 489 U.S. 378. In fact, although Plaintiff alleges "misconduct" involving the homeless, it is unclear what specific "policy or custom" Plaintiff is

challenging.³ Plaintiff fails to allege widespread, systematic constitutional violations that have become the force of law or formal governmental policy, pursuant to which the Entity Defendants or defendant Riley acted. See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346. Plaintiff's conclusory allegations are insufficient for purposes of stating a valid claim. Young v. City of Visalia, 687 F. Supp. 2d 1141, 1150 (E.D. Cal. 2009); see also Iqbal, 556 U.S. at 679. Accordingly, Plaintiff's Section 1983 claim against the Entity Defendants and defendant Riley in his official capacity must be dismissed.

### B. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT RILEY IN HIS INDIVIDUAL CAPACITY

#### 1. Applicable Law

A plaintiff seeking to bring a Section 1983 claim against an individual defendant must present facts showing the defendant was directly and personally involved in inflicting the alleged constitutional injury. See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). A complaint must contain enough facts to "state a claim to relief that is plausible on its face," allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

///
///

---

³ The Court notes Plaintiff's pending civil rights action in this Court that alleges a Monell claim against various entity defendants and Lt. Mathis for illegally seizing homeless property in violation of the Fourth Amendment; cruel and unusual punishment in violation of the Eight Amendment; and violation of equal protection, due process, and freedom of liberty under the Fourteenth Amendment. See Woods v. City of Los Angeles, et al., No. CV 17-7852-AG (KK); FAC at 1-2; see also In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (noting courts may take judicial notice of plaintiff's other proceedings). To the extent Plaintiff's claims in the instant action are duplicative of those in his previously filed action, they are subject to dismissal. See Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 689 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008).

**2. Analysis**

Here, the FAC sues defendant Riley in his individual capacity, but fails to allege defendant Riley was directly and personally involved in violating Plaintiff's constitutional rights. See Iqbal, 556 U.S. at 676. The FAC alleges on June 2, 2016, defendant Riley told Plaintiff to no longer report to probation and handed him a notice of pending discharge for June 4, 2016. FAC at 4, 6. Plaintiff alleges he was "arrested for failure to report" approximately four months later on or about October 1, 2016 despite not receiving "notice from probation" to "start reporting again." Id. at 6. As a result of his arrest, Plaintiff further alleges the loss of his property when "LAPD and LASB destroyed [his] property without a hearing or notice." Id. Despite these allegations, Plaintiff fails to allege defendant Riley was directly and personally involved in Plaintiff's arrest, or the subsequent destruction of property. Hence, Plaintiff fails to allege facts from which this Court can draw the "reasonable inference" that defendant Riley is liable for any alleged constitutional violation. See Iqbal, 556 U.S. at 678. Accordingly, Plaintiff's claim against defendant Riley in his individual capacity fails and must be dismissed.

**V.**

**LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to the Complaint, FAC, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: February 28, 2018

/s/ *Kenly Kato*
HONORABLE KENLY KIYA KATO
United States Magistrate Judge